CELIA FREEDMAN, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— In an action to recover under a double indemnity provision contained in each of two policies of life insurance issued by the defendant, judgment for defendant unanimously affirmed, with costs. No opinion. Appeal from order denying motion for a new trial dismissed, without costs. There is no such order in the record. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

GEORGE HENSLER, Respondent, v. MILDRED HENSLER, Appellant.— Action for divorce brought by a plaintiff husband against a defendant wife. Interlocutory judgment in favor of the plaintiff unanimously affirmed, without costs. No opinion. Appeal from decision dismissed, without costs, the decision not being appealable. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

FLORENCE HIRSHMAN, Appellant, v. MORRIS HIRSHMAN, Respondent.— Resettled order denying motion for modification of a final judgment of separation by increasing the award contained therein for the support of the plaintiff and the infant children of the marriage from fifteen dollars to twenty-five dollars a week modified on the law by striking from the ordering paragraph the words " in all respects upon the law and not," and by adding at the end thereof the words " without prejudice to renewal thereof after application by plaintiff for an order vacating so much of the order entered in the divorce action between the parties as awards plaintiff fifteen dollars a week for the support of herself and children." As so modified the order is affirmed, without costs. Plaintiff had no right to temporary alimony pursuant to section 1169 of the Civil Practice Act as an incident of the pending divorce action while there was outstanding a separation judgment containing an award for support which was an adjudication of the amount to which she was entitled. Apparently there are now two outstanding independent adjudications awarding her support. After invoking section 1169 of the Civil Practice Act in the divorce action and being unsuccessful in procuring an increase, she again invokes section 1170 of the Civil Practice Act for modification or increase of the award incorporated in the separation judgment. Before that application may be entertained, the confusion resulting from the second adjudication must be cured, at the instance of the plaintiff, who created it. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

In the Matter of the Final Judicial Settlement of the Final Accounts and Proceedings of the CONTINENTAL BANK & TRUST COMPANY OF NEW YORK, as Administrator of the Estate of ABRAHAM KOFFMAN, Deceased. LENA FREYBERG, Respondent; THE CONTINENTAL BANK & TRUST COMPANY OF NEW YORK, as Administrator, etc., of ABRAHAM KOFFMAN, Deceased, and LLOYD L. ROSENTHAL, Special Guardian for SAMUEL KOFFMAN, an Incompetent Person, Appellants.— Decree of the Surrogate's Court, Dutchess County, allowing as valid the claim of Lena Freyberg against the estate of Abraham Koffman, unanimously affirmed, with costs to the respondent, payable out of the estate. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.